# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** _____       _____Caption [use short title]_____

**Motion for:** _____

_____

_____

Set forth below precise, complete statement of relief sought:

_____

_____

_____

_____

_____

_____

**MOVING PARTY:**_____ **OPPOSING PARTY:**_____

  ___Plaintiff    ___Defendant

  ___Appellant/Petitioner ___Appellee/Respondent

**MOVING ATTORNEY:**_____ **OPPOSING ATTORNEY:**_____

[name of attorney, with firm, address, phone number and e-mail]

_____ _____

_____ _____

_____ _____

Court- Judge/ Agency appealed from: _____

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
  ___Yes ___No (explain):_____
  _____

Opposing counsel's position on motion:
  ___Unopposed ___Opposed ___Don't Know
Does opposing counsel intend to file a response:
  ___Yes ___No ___Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below?  ___Yes ___No
Has this relief been previously sought in this court? ___Yes ___No
Requested return date and explanation of emergency: _____
_____
_____
_____
_____

Is oral argument on motion requested?  ___Yes ___No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  ___ Yes ___No If yes, enter date:_____

**Signature of Moving Attorney:**

_____**Date:**_____ Service by: ___CM/ECF ___Other [Attach proof of service]

**Form T-1080** (rev.12-13)

April 28, 2025

**VIA ACMS**

Catherine O'Hagan Wolfe, Clerk of Court
Second Circuit Court of Appeals
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

**Re: Emergency Motion to Stay Consolidated Proceedings Pending Appeal**

Dear Ms. Wolfe,

 I am writing to respectfully request a stay of consolidated proceedings pending appeal of a final decision in one of two consolidated cases. A final decision was issued by the SDNY in the matter of Rapaport v. Doe 1 et al., 23-cv-6709(JGLC) on March 31, 2025, which is the subject of this appeal and founded in state tort law. The final decision dismissed all claims either with or without prejudice, and ordered a consolidation for all possible purposes with Rapaport v. Epstein et al., 24-cv-7439(JGLC), based in federal law and designated as the lead case with all future filings to be made therein. A First Consolidated Complaint was ordered to be filed on May 2, 2025. The District Court denied to stay proceedings pending an appeal solely on the grounds that this appeal was taken prematurely See Exhibit 1 District Denial of Stay.

The District Court's Decision Was Final

 It is respectfully submitted that the District Court erred in its finding that this appeal was premature. The District represented to the plaintiff that because it had (purportedly) granted him partial leave to amend with regard to those claims dismissed without prejudice the appeal was premature, but may ripen if he refrained from amending. In his motion for leave to amend Dkt. No. 77, the plaintiff requested to amend his First Amended Complaint in the matter of Rapaport v. Doe 1 et al., and this request was clearly denied in its entirety because the District's purported partial grant of leave to amend sent him to amend a *different pleading* in a *different case* (Rapaport v. Epstein et al.). Incidentally, the plaintiff already had the right to amend that pleading as a matter of course per FRCP 15(a)(1), and so the purported partial grant of leave to amend not only did not relate to the relevant pleading or case motioned for, but also changed nothing at all because he could have added those claims (dismissed without prejudice) absent leave to amend, as a matter of course, just as he could have refiled them in any court.

 It was clearly established by the Supreme Court in Hall v. Hall, 584 US 59 that even if consolidated for all possible purposes per FRCP 42(a), each case retains its own character for the purposes of analyzing whether or not a final decision was issued with respect to it. Per 28 USC § 1291, such final decisions must be appealed, if they are to be appealed at all, within 30 days or longer if an extension is granted by a district court. In Guggenheim Capital, LLC v. Birnbaum, 722 F.3d 444 (2d Cir. 2013) which preceded Hall, as in Whitfield v. Johnson, 763 F. App'x 106, 107 (2d Cir. 2019) cited by the District in its denial, the leave to amend was for the *same case* and *same pleading*, which is not the situation here. Hall requires that finality be evaluated independently of anything which may occur in a consolidated case. "What our decision does mean is that constituent cases retain their separate identities at least to the extent that a final decision in one is immediately appealable by the losing

party." Hall.  Per the District's March 31, 2025 Order, every possible decision with respect to Rapaport v. Doe 1 et al. was made, and there is nothing more for the District to do or decide with respect to that matter, as it has indicated by instructing all future filings to occur in the Rapaport v. Epstein et al. docket. Consolidation cannot deprive the plaintiff of the substantive right to appeal any individual finally decided case. "Rule 42(a) did not purport to alter the settled understanding of the consequences of consolidation. That understanding makes clear that when one of several consolidated cases is finally decided, a disappointed litigant is free to seek review of that decision in the court of appeals." Hall. The District did not cite or consider Hall at all, and the consolidation of a case in which every claim was dismissed with another case is the most clear circumstance in which appeal should not be blocked or denied. Furthermore, the order's *effect* is what is determinative as a matter of practical finality, not the subject intent of the judge, and so the District's belief that by "retaining jurisdiction" in Rapaport v. Doe 1 et al. (over no claims or issues and with all future filings to be made in another docket) in an illusory fashion it can prevent finality is mistaken.

There is a Substantial Likelihood of Success to Resolve Serious Legal Questions

The need for a stay is justified by the prejudice and irreparable injury that will be imminently caused by the District's fundamentally erroneous decision that plaintiff has a substantial likelihood of success in correcting on the merits of serious legal questions. The District denied the plaintiff's oral slander and forwarding of libelous materials claims relation-back to the original Doe complaint on the grounds that the original complaint did not feature them "Student Defendants could not have been fairly apprised as to the other alleged defamatory statements, because they were not mentioned in the original complaint, which focused only on the 'anonymous internet posts.'" Decision at 17. However, the original complaint did focus on other aspects such as in Part F titled "**Oral Component Of Character Assassination Campaign**" (emphasis original) which described the oral slanders spread by the Doe defendants in Dkt. No. 1 ¶¶ 29-30 in an accurate and detailed fashion. The original complaint also described that the "Defendants timed the publication and **forwarding** of the anonymous internet posts very closely to the start of the James Kent Summer Academy in order to prevent the Plaintiff's attendance at the latest possible time so as to deny him the opportunity to marshal sufficient facts to prove the falsehood of the hoax, and thereby cause him direct and specific injury." *Id.* ¶ 21 (emphasis added). Due to the basic contradiction between the Decision's findings and the record's contents, the plaintiff has a high likelihood of success on these fundamental matters.

The District also erred by concluding that it was not specifically alleged whether defendant Iyer or defendant Garrett created and posted the online defamatory posts which are a significant part of this action "he does not plead, with specificity, whether and which Student Defendant made which statements on the online forums" Decision at 8. However, the plaintiff did so plead. The amended complaint Dkt. No. 38 at ¶ 42 specifically identified "On or about July 29, 2022, defendant Garrett presented the online materials, **created and posted pseudonymously by defendant Iyer**, to Peter Redpath and Kate Alcantara, the Director and Deputy Directors of the Student Division respectively." (emphasis added). These are just a small portion of the District's errors that require correction, yet they demonstrate more than a substantial likelihood of success, and the fundamental nature of the corrections to be expected such that there should be no waste resulting from multiple appeals or repetitive proceedings. There are a significant number of additional serious legal questions requiring correction including but not limited to choice of law, the relating back of claims per FRCP 15(c)(1)(B), the lack of consideration or engagement with claims arbitrarily deemed "duplicative" without analysis, the *sua sponte* dismissal with prejudice of claims against defendant Epstein on statute of limitations grounds absent any litigation or analysis of whether the claims may relate back to the original timely

complaint with respect to him and the failure to disqualify Schaerr-Jaffe LLP from concurrently representing defendants Iyer and Garrett due to unwaivable conflicts of interest.

The Plaintiff Will be Irreparably Injured Absent a Stay

By the District's current Order relating to the consolidated cases and per its own reasoning, the plaintiff is required to either refrain from amending his case in the matter of Rapaport v. Epstein et al., thereby losing his one amendment as of course, guaranteed by FRCP 15(a)(1), or amending it and mooting this instant appeal. It is the plaintiff's position that as explained previously due to Hall, which the District did not engage with at all, the plaintiff may both continue this appeal *and* return with his claims in a different case due to the individual case analysis of finality required by it, and that the District is mistaken. However, this still exposes the plaintiff to unnecessary delay, expense and risk, for no benefit at all.

The Balance of Equities and Public Interest Favor a Stay

Continuing to litigate the consolidated case while the final decision of Rapaport v. Doe 1 et al. is appealed without a stay could result in unnecessary effort and expense for all parties, including through multiple appeals. All of this burden can simply be avoided by staying the consolidated case while this appeal is decided, and no party will be prejudiced or injured by such a stay. Such a stay would also be in the interest of judicial economy and reduce the number of appeals for the Second Circuit and save the District the effort of litigating the consolidated portion that is presently being appealed.

Emergency Motion Aspect

Considering the imminent May 2, 2025 deadline for consolidation, this motion is brought as an emergency motion. The plaintiff moved for an extension of this deadline to June 1, 2025 independently of whether or not a stay will be granted, because he requires more time to consolidate the significant amount of issues and claims as well as make other changes in light of the District's March 31 Order. This motion was not opposed by any other party but has not yet been granted by the District.

　　　　Thank you for considering my request in this matter,

　　　　　　/s/ Gideon Rapaport *pro se*
　　　　　　GideonRapaportLaw@outlook.com
　　　　　　(862) 213-0895
　　　　　　#627 1078 Summit Avenue
　　　　　　Jersey City, New Jersey, 07307