# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

| | |
|---|---|
| G<small>IDEON</small> R<small>APAPORT</small>, )<br>)<br>Plaintiff-Appellant, )<br>)<br>v. )<br>)<br>A<small>JAY</small> S<small>RINIVASAN</small> I<small>YER</small>, Z<small>ACHARY</small> G<small>EORGE</small><br>G<small>ARRETT</small>, R<small>ICHARD</small> A<small>LLEN</small> E<small>PSTEIN</small>, )<br>)<br>Defendants-Appellees. )<br>) | No. 25-841 |

## DEFENDANTS-APPELLEES' JOINT OPPOSITION
## TO PLAINTIFF-APPELLANT'S
## MOTION FOR A STAY PENDING APPEAL

Defendants-Appellees Ajay Iyer, Zachary Garrett, and Richard Epstein jointly file this opposition to Plaintiff-Appellant Gideon Rapaport's motion for a stay pending appeal (Doc. 19) ("Stay Mot.").

## BACKGROUND

Gideon Rapaport has filed two district court cases against Appellees. This appeal arises from the first such action (SDNY Case No. 1:23-cv-06709 (JGLC))—the "*Doe* case"—where Rapaport claims that Appellees engaged in a conspiracy to ruin his professional life by spreading a rumor that he was fired from his summer associate position because of sexual harassment. In a second case (SDNY Case No. 1:24-cv-07439 (JGLC)) (the "*Epstein* case"), Rapaport builds on these claims, suggesting that Appellees were also engaged in an "'Organized Law' Racket" that prevented Rapaport from obtaining a clerkship.

In *Doe*, the district court granted Iyer and Garrett's motion to dismiss in full and Professor Epstein's motion in part, but also allowed Rapaport leave to amend. *See* Op. & Order at 1, 30–31, *Epstein,* Doc. 55 ("*Epstein* Doc. 55"); *see also* Order, *Epstein,* Doc. 56. Given the substantial overlap in allegations, the district court also consolidated the

*Doe* and *Epstein* cases for all further proceedings. *See* Order, *Epstein*, Doc. 56.

After receiving an extension of time from the district court, Rapaport's deadline to file an amended complaint is June 2, 2025. However, despite that deadline not having passed, Rapaport filed this appeal and moved for a stay of the now-consolidated *Epstein* case pending appeal.

## ARGUMENT

When determining whether to issue a stay, this Court considers several factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." U.S. *Sec. & Exchange Comm'n v. Citigroup Glob. Mkts. Inc.*, 673 F.3d 158, 162–63 (2d Cir. 2012). The "most critical" parts of this analysis are the first two factors, strong likelihood of success and irreparable harm. *New York v. U.S. Dep't of Homeland Sec.*, 974 F.3d 210, 214 (2d Cir. 2020) (citing *Nken v. Holder*,

556 U.S. 418, 433–34 (2009)). Rapaport fails to satisfy any of these requirements, and his motion should be denied.

## I. Rapaport fails to show a likelihood of success.

Rapaport has not shown a "strong" likelihood of success, as he appeals a non-final order, and he relies on meritless critiques of the district court's order.

1. As to finality, "[a] dismissal with leave to amend is a non-final order and not appealable." *Slayton v. Am. Express Co.*, 460 F.3d 215, 224 (2d Cir. 2006); *accord Lewis v. R.L. Vallee, Inc.*, No. 24-1438, 2025 WL 1077412, at *1 (2d Cir. Apr. 10, 2025) (same). That is fatal to Rapaport's appeal, as the district court "grant[ed] in part and denie[d] in part Defendant Epstein's motion to dismiss," dismissed "with prejudice" various claims against Iyer and Garrett, and "dismissed without prejudice" and with leave to amend all "other claims." *Epstein* Doc. 55 at 30–31.

There are two exceptions to this rule, neither of which applies. "[A]n appellant can render such a non-final order 'final' and appealable by disclaiming any intent to amend." *Slayton*, 460 F.3d at 224. Or a "premature appeal from a judgment granting leave to amend" will be

3

"treat[ed] … as an appeal from a final judgment if the deadline for amendment has passed." *Id.* at 224 n.7.

Here, the deadline to amend has not passed. *See* Doc. 20.1 (Rapaport stating that "the District granted the unopposed motion to extend the time allowed for filing the First Consolidated Complaint from May 2, 2025 to June 2, 2025"). And Rapaport has not "disclaim[ed] any intent to amend," recently informing the district court that he needed additional time to amend the complaint because "there are a substantial amount of matters to consolidate and also changes to make in light of Your March 31 Order." Ltr. Mot., *Epstein,* Doc. 64; *see also Lewis v. Paymaster Payroll Sys., Inc.*, No. 24-1256, 2025 WL 706479, at *2 (2d Cir. Mar. 5, 2025) (order was not final when party informed district court that he would file "an anticipated amended complaint").[1]

Rather than contend with these facts, Rapaport relies on various red herrings. For one, Rapaport points to his earlier request for leave to file an amended complaint, inferring that "this request was clearly

---

[1] Appellees will soon file a motion to dismiss for lack of appellate jurisdiction. However, this Court can also "determine[] sua sponte that it lacks jurisdiction over this appeal because the district court has not issued a final order[.]" *Madson v. Fato*, No. 23-941, 2023 WL 11823386, at *1 (2d Cir. Nov. 7, 2023) (citing 28 U.S.C. § 1291).

denied in its entirety[.]" Stay Mot. at 1. Even if that were correct, it remains that the district court granted him leave to amend, which dooms his finality argument.

Rapaport also argues that the Supreme Court's decision in *Hall v. Hall*, 584 U.S. 59 (2018), renders the underlying order final. But *Hall* only confirms why Rapaport's appeal must be dismissed. The *Hall* Court discussed finality in the context of consolidated cases, holding that "when one of several consolidated cases is finally decided, a disappointed litigant is free to seek review of that decision in the court of appeals." *Id.* at 78. Rapaport challenges an order in a case that was not "finally decided," rendering *Hall* irrelevant.

Because his appeal must be dismissed for lack of appellate jurisdiction, Rapaport has not made "a strong showing that he is likely to succeed on the merits[.]" *Citigroup Glob. Mkts.*, 673 F.3d at 162.

2. Aside from finality, Rapaport has not made a "strong showing" that he is likely to succeed on the merits of his substantive challenges to the district court's motion-to-dismiss decision. He first challenges the district court's conclusion that certain claims do not relate back to his original complaint. Stay Mot. at 2. But the district court reviewed the

5

record closely, afforded the complaint a broad reading considering Rapaport's *pro se* status, and concluded that only certain allegations were "described … with particularity" and "could be read to have fairly apprised [Iyer and Garrett] they were the intended parties." *Epstein* Doc. 55 at 17.

Rapaport's only response is to cherry pick and mischaracterize isolated statements from his original complaint in *Doe*, which he infers should have put Iyer and Garrett on notice of the claims. But even a charitable read of those allegations does not "strong[ly] show" that Rapaport is likely to succeed on his challenge. Quite the opposite is true: *none* of Rapaport's claims relate back. This Court holds that Rule 15 "preclude[s] relation back for amended complaints that add new defendants, where the newly added defendants were not named originally because the plaintiff did not know their identities." *Frederique v. County of Nassau*, No. 11-cv-1746 (WDW), 2014 WL 12841638, at *4 (E.D.N.Y. May 22, 2014) (citing *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995), *modified*, 74 F.3d 1366 (2d Cir. 1996) (per curiam)). That is what occurred here.

6

Rapaport next challenges the substance of the district court's dismissal of his claims. Those arguments also fail. The district court correctly held that Rapaport failed to plead his defamation claims with particularity, and that his civil conspiracy claim falls with the underlying defamation claims. *Epstein* Doc. 55 at 22. The district court also correctly rejected Rapaport's attempt to shoehorn two New Jersey claims into this New York action, which involves students, a professor, and a student organization from New York University School of Law, as well as allegations about defamation regarding New York employment. *Id.* at 10–11. Rapaport's other claims were plainly duplicative of his defamation claims, and the district court correctly dismissed them on that basis. *Id.* at 23. And, in any event, his intentional infliction of emotional distress claim lacks an objective basis. *See* Defs.' Reply in Support of Mot. Dismiss & Opp'n to Mot. to Amend Compl. at 24, *Doe,* Doc. 90.

For each of the foregoing reasons, Rapaport fails to make a "strong showing" that he is likely to succeed in this appeal, and that is reason enough to deny the stay motion. *See Uniformed Fire Officers Ass'n v. de Blasio,* 973 F.3d 41, 49 (2d Cir. 2020) ("With [the] likelihood of success

totally lacking, the aggregate assessment of the factors bearing on issuance of a stay pending appeal cannot possibly support a stay." (collecting cases)).

## II. Rapaport fails to satisfy the remaining factors.

The remaining factors also cut against Rapaport, as he has not identified any irreparable harm and he ignores the harm to Appellees and the public interest that a stay would cause.

1. As to Rapaport's harm, he has not identified anything "irreparable." He merely argues that proceeding in both matters would be inconvenient and require him to follow the basic procedural rules governing civil litigation. But that is no harm at all, let alone *irreparable* harm. *See, e.g.*, *Oakley v. MSG Networks, Inc.*, No. 17-cv-6903 (RJS), 2023 WL 4373261, at *2 (S.D.N.Y. June 26, 2023) (Sullivan, J.) (filing motion to amend while mandamus petition pending not irreparable injury). Moreover, in the proceedings below, the only remedy Rapaport seeks is money, and irreparable harm is defined as "certain and imminent harm for which a monetary award does not adequately compensate." *Wisdom Imp. Sales Co. v. Labatt Brewing Co., Ltd.*, 339 F.3d 101, 113 (2d Cir. 2003). This harm must be truly imminent, not

8

"mere possible injury," or "remote and speculative" injury. *See Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979). There is no such harm here.

Rapaport has been provided an opportunity to amend his complaint to remedy the errors the district court identified. Notably, the district court was not required to allow Rapaport another opportunity to amend but did so in part due to his status as a *pro se* litigant. *Epstein* Doc. 55 at 8. Additionally, Rapaport will have an opportunity to appeal the district court's decision. He must simply await a final, appealable order. There is nothing "irreparably" harmful about Rapaport's being required to follow the same procedural rules that bind all litigants. And even if there were, a stay "is not a matter of right," but of discretion, "even if irreparable injury might otherwise result." *New York*, 974 F.3d at 214 (quoting *Nken*, 556 U.S. at 433–34).

2. In contrast, a stay will harm Appellees and the public. Appellees filed extensive motions to dismiss in each of Rapaport's cases, and "Defendants[-Appellees] and the public have an interest in the resolution of this long-running litigation, and the issuance of a stay will surely delay these proceedings even longer." *See Oakley*, 2023 WL 4373261, at *2.

9

Staying those proceedings will only further delay Appellees' opportunity to clear their names of these spurious allegations.

For similar reasons, the public interest favors even-handed application of the procedural rules governing litigation in this Circuit. This Circuit has identified two exceptions to the general rule that a dismissal with leave to amend is not final. Allowing Rapaport's appeal to proceed will require creating a special rule for his appeal, which undermines the public's interest. Additionally, judicial economy will be harmed by requiring the parties and this Court to spend additional resources on a defective appeal.

## CONCLUSION

Rapaport appeals a non-final district court order. Given that fact, Rapaport cannot carry his burden of demonstrating a "strong" likelihood of success on the merits of his appeal. Rather, there is a "strong" likelihood that this appeal will be dismissed for lack of appellate jurisdiction. On those facts, a stay of the district court proceedings would be improper.

Further undermining Rapaport's motion, his substantive critiques of the district court's motion-to-dismiss decision are misguided, and he

has not shown a "strong" likelihood of success on the merits of those challenges. Additionally, Rapaport cannot identify any irreparable harm caused by simply being required to follow the same procedural rules governing all civil litigation. In contrast, a stay will substantially harm Appellees and the public. Accordingly, the Court should deny Rapaport's stay motion.

Dated: May 7, 2025                      Respectfully submitted,

                                                */s/ Brian J. Field*
                                                Brian J. Field
                                                D.C. Bar No. 985577
                                                SCHAERR | JAFFE LLP
                                                1717 K Street NW, Suite 900
                                                Washington, DC 20006
                                                Telephone: (202) 787-1060
                                                Facsimile: (202) 776-0136
                                                Email: bfield@schaerr-jaffe.com

                                                *Counsel for Defendants-Appellees*
                                                *Ajay Iyer and Zachary Garrett*


                                                */s/ Jeremy Chase*
                                                Jeremy Adam Chase
                                                DAVIS WRIGHT TREMAINE LLP
                                                1251 Avenue of the Americas
                                                New York, NY 10020
                                                Telephone: (212) 489-8230
                                                Email: jeremychase@dwt.com

                                                *Counsel for Defendant-Appellee*
                                                *Richard Allen Epstein*

## CERTIFICATE OF COMPLIANCE

1. This document complies with the word limit of Fed. R. App. P. 27(d)(2)(C) because this document contains 2,026 words.

2. This document complies with Fed. R. App. P. 27(d)(1)(E) (adopting the typeface requirements of 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6)) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Century Schoolbook 14 point font.

Dated: May 7, 2025

*/s/ Brian J. Field*
Brian J. Field

## CERTIFICATE OF SERVICE

I certify that on May 7, 2025, the above document was filed with the Court's ACMS electronic filing system, which caused the following counsel of record to be served:

Jeremy Adam Chase
Davis Wright Tremaine LLP
1251 Avenue of the Americas
New York, NY 10020
Email: jeremychase@dwt.com
*Counsel for Defendant-Appellee*
*Richard Allen Epstein*

I further certify that on May 7, 2025, the above document was served via electronic mail, and via U.S. Mail, postage prepaid, to:

Gideon Rapaport
1078 Summit Avenue, #627
Jersey City, NJ 07307
Email: gideonrapaportlaw@outlook.com
*Pro se Appellant*

/s/ Brian J. Field
Brian J. Field